**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
**LAUREANO CHIRINO-RIVERA,** :
                            :       **Civ. No. 17-973 (RMB)**
            Petitioner,     :
                            :
    v.                      :       OPINION
                            :
                            :
**DAVID ORTIZ, WARDEN,**    :
                            :
            Respondent.     :
_____ :


**BUMB,** United States District Judge

Petitioner Laureano Chirino Rivera, a prisoner confined in FCI Fort Dix, in Fort Dix, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on February 14, 2017. (Pet., ECF No. 1.)[1] Petitioner seeks to vacate his

___

[1] Petitioner filed an IFP application which is deficient under 28 U.S.C. § 1915(a)(1) because it does not include an affidavit of poverty signed by Petitioner. (ECF No. 1-3.) However, for the reasons discussed in the Opinion below, the petition should have been brought as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, which does not require payment of a filing fee. Therefore, the Court will proceed with reviewing the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the

conviction and sentence and obtain a new trial based on ineffective assistance of counsel, denial of trial by jury, cruel and unusual punishment, and unconstitutional sentence. (Habeas Corpus Brit and Arguments in Supp. Mot. Civ. Action [28 U.S.C. 2241] ("Petr's Mem.") (ECF No. 1-2 at 2.) Petitioner asserts that jurisdiction is proper under 28 U.S.C. § 2241 because the remedy for a motion to vacate under 28 U.S.C. § 2255 is inadequate or ineffective. (Pet., ECF No. 1 at 6, ¶10(c)). For the reasons discussed below, the Court will dismiss the petition for lack of jurisdiction.

I. BACKGROUND

Petitioner is presently serving a federal sentence in FCI Fort Dix, for his conviction and sentence imposed on July 28, 2008, in the United States District Court for the Southern District of Florida. (Pet., ECF No. 1, ¶4.) Petitioner pled guilty to conspiracy to commit robbery, and conspiracy to carry a firearm in furtherance of a crime of violence. U.S. v. Chirino Rivera, 348 F. App'x 462, 463 (11th Cir. 2009) cert. denied, 559 U.S. 952 (2010). Petitioner filed a direct appeal, which was denied by the Eleventh Circuit on October 5, 2009, because Petitioner knowingly and voluntarily agreed to an appeal-waiver provision in his plea agreement. Id. at 463.

---

moving party is not entitled to relief, the
judge must dismiss the motion and direct the
clerk to notify the moving party. . .

Petitioner filed a § 2255 motion in the United States District Court for the Southern District of Florida, and the motion was denied on March 28, 2011. Rivera v. U.S., Nos. 10-22290-CIV., 07-20825-CR, 2011 WL 1118668 (S.D. Fla. Mar. 28, 2011). Petitioner next sought relief from his conviction and sentence under 28 U.S.C. § 2241, from the United States District Court, District of South Carolina. Rivera v. Atkinson, Civ. Action No. 1:12-cv-01226-JMC, 2012 WL 5873687 (D.S.C. Nov. 20, 2012). His petition was denied. Id.

Petitioner next tried in the Southern District of Mississippi, which dismissed his § 2241 petition for lack of jurisdiction. Rivera v. Mosley, 624 F. App'x 221 (5th Cir. 2015), cert. denied, 137 S.Ct. 224 (Oct. 3, 2016). The Fifth Circuit Court of Appeals affirmed the District Court on December 10, 2015, stating:

> Rivera has now filed a total of four unmeritorious § 2241 petitions attacking the same convictions and sentences. He has also, on at least three occasions, sought authorization to file a successive § 2255 motion. He is hereby WARNED that filing frivolous or repetitive challenges to these convictions or sentence in this court or in any court subject to the jurisdiction of this court will invite the imposition of sanctions. Rivera is DIRECTED to review any pending matters to ensure that they are not frivolous or repetitive.

Id. at 222.

II. DISCUSSION

In the Third Circuit, the exception to the general rule that a challenge to a conviction or sentence must be brought under 28 U.S.C. § 2255 in the sentencing court has only been applied "where the petitioner was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002) (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

The present petition is one of many attempts by Petitioner to challenge his 2008 conviction and sentence imposed by the U.S. District Court for the Southern District of Florida. Petitioner has not heeded the warning of the Fifth Circuit Court of Appeals not to file repetitive challenges to his conviction and sentence, which is precisely what he has done here. (See Pet., ECF No. 1; Petr's Mem., ECF No. 1-2.) His bare allegation that § 2255 is an inadequate or ineffective remedy to challenge his conviction and sentence is frivolous.

III. CONCLUSION

The Court lacks jurisdiction over Petitioner's petition under 28 U.S.C. § 2241. For the reasons discussed above, it is not in the interest of justice to construe the petition as a second or successive § 2255 motion and transfer it to the

4

Eleventh Court of Appeals, pursuant to 28 U.S.C. § 1631.[2] Therefore, the Court will dismiss the § 2241 petition for lack of jurisdiction.

An appropriate Order follows.

                                          s/Renée Marie Bumb_____
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**

Dated: April 10, 2017

---

[2] 28 U.S.C. § 1631 provides in relevant part

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . .